

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 20-01477-JLS (KESx)                                   Date: November 16, 2021
Title:  Isabel Ramos v. AT and T Mobility Services LLC et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Deborah Lewman                                                          N/A
Deputy Clerk                                                                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:              ATTORNEYS PRESENT FOR DEFENDANT:
Not Present                                                                            Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 31)**

    Before the Court is Plaintiff's Motion to Remand. (Mot., Doc. 31.) Defendant opposed and Plaintiff replied. (Docs. 43, 44.) The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for **November 19, 2021 at 10:30 a.m**., is VACATED. Having considered the parties' briefs, and for the reasons stated below, the Court GRANTS the Motion.

**I.      BACKGROUND**

    On August 14, 2019, Plaintiff Isabel Ramos filed an action[1] in the Superior Court of the State of California for the County of Los Angeles against Defendants AT&T Mobility Wireless Operational Holdings, LLC, AT&T Mobility Services LLC, and Does 1 through 10 (collectively "AT&T"). (Ex. A to Notice of Removal, Doc. 1, at ECF 15-16.) The complaint seeks civil penalties under the Private Attorneys General Act of 2004 ("PAGA"), California Labor Code §§ 2698 *et seq.* stemming from AT&T's failure to pay for all hours worked (including minimum wages, straight time wages, and overtime

---

[1] This action is referred to as the "PAGA action" or Ramos's "PAGA claims."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 20-01477-JLS (KESx)             Date: November 16, 2021
Title:  Isabel Ramos v. AT and T Mobility Services LLC et al

wages), failure to provide meal periods, failure to authorize and permit rest periods, failure to maintain accurate records of hours worked and meal periods, failure to timely pay all wages to terminated employees, and failure to furnish accurate wage statements. (*Id.* at ECF 16.)

On September 23, 2019, Ramos filed a separate action[2] in the Superior Court of the State of California for the County of Orange against AT&T and Bryan Jacob.  (Ex. C to Notice of Removal, Doc. 1, at ECF 64-65.)  The complaint asserts six claims under the Fair Employment and Housing Act ("FEHA"), a violation of California Government Code § 12940, two violations of the California Family Rights Act, and a violation of Government Code § 12900 *et seq* and Article 1, Section 8 of the California Constitution stemming from AT&T's discrimination, failure to accommodate, and wrongful termination of Ramos because she was pregnant.  (*Id.* at ECF 68-80.)

Upon stipulation of the parties, the Los Angeles Superior Court ordered the PAGA action transferred to Orange County Superior Court.  (Ex. E to Notice of Removal, Doc. 1, at ECF 99.)  On July 23, 2020, the Orange County Superior Court granted AT&T's motion to consolidate the two actions for pre-trial purposes.  (Ex. G to Notice of Removal ("Consolidation Order"), Doc. 1, at ECF 110.)  The court's order specified that the motion to consolidate the cases "is GRANTED for pre-trial purposes only (including but not limited to fact and expert discovery)," and it directed the parties that "[a]ll papers filed with the court hereafter are to be filed in the lower case number case, with the caption reflecting the consolidation (for pre-trial purposes) of both actions." (*Id.*)  The order noted that it was "without prejudice to the right of any party in due course and for good cause to seek a consolidated trial." (*Id.*)

AT&T subsequently removed the consolidated actions to federal court pursuant to 28 U.S.C. §§ 1332 and 1441 asserting diversity jurisdiction.  (Notice of Removal, Doc. 1, at ECF 4-7.)  AT&T demonstrated complete diversity of citizenship in its Notice of

---

[2] This action is referred to as the "Pregnancy Action," the "FEHA action," or Ramos's "FEHA claims."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 20-01477-JLS (KESx)               Date: November 16, 2021
Title:  Isabel Ramos v. AT and T Mobility Services LLC et al

Removal.  (*Id.* at ECF 4-7.)  To satisfy the amount in controversy requirement, AT&T stated that "[a]lthough neither complaint identifies an amount in controversy, in response to AT&T's limited jurisdictional discovery requests, Plaintiff admits that this threshold was met with respect to the Pregnancy Action alone."  (*Id.* at ECF 7.)  "And because the Pregnancy Action and the PAGA Action were consolidated by Order of the state court, with the PAGA Action no longer accepting filings, Plaintiff's admission that the Pregnancy Action alone would have satisfied the amount in controversy requirement is sufficient to find that the consolidated action meets the threshold, too."  (*Id.* at ECF 7-8 (citing *Longobardo v. Avco Corp.*, 2020 WL 1228396, at *2 (C.D. Cal. Mar. 12, 2020)).)

Ramos filed the present motion to remand the action to state court.  (Mot.)

**II.     LEGAL STANDARD**

A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court.  28 U.S.C. § 1441(a).  There is a strong presumption against removal jurisdiction, and the removing party has the burden of establishing the propriety of removal.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  As the party invoking the removal jurisdiction of this Court, AT&T bears "the burden of establishing federal jurisdiction."  *California ex. Rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332(a).  Under the removal procedures provided by 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  However, "[w]e strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  And "if it is *unclear* what amount of damages the plaintiff has sought … then

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  SACV 20-01477-JLS (KESx) | Date: November 16, 2021 |
| Title:  Isabel Ramos v. AT and T Mobility Services LLC et al | |

the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id*. at 566-67.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[S]upplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it." *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

### III.   DISCUSSION

Ramos argues that the case should be remanded to state court because her FEHA claims have been dismissed pursuant to settlement, and now, only her PAGA claims remain pending. (Mot. at 8.) Ramos states that "[w]ithout the FEHA causes of action, the district court would not have original jurisdiction." (*Id.*) "Thus, the federal jurisdictional hook was the FEHA claims and [Ramos's] admission in underlying discovery related to those claims that she sought damages in excess of the jurisdictional requirement in 28 U.S.C. § 1332(a)." (*Id.*) Accordingly, she asks that the Court decline to exercise supplemental jurisdiction over the remaining state law claims.

In its Opposition, AT&T takes issue with the premise underlying Ramos's contentions: "that this one case is still two separate cases, one of which the Court has original jurisdiction over (the FEHA claims) and the other that was only in federal court by virtue of the Court's supplemental jurisdiction (the PAGA claim)." (Opp. at 4.) It contends that "although Plaintiff may have originally filed this case as separate actions in state court, since the complaints were consolidated and removed, they have proceeded, in practice, as a single action." (*Id.* at 6-7.) Accordingly, it asserts that the Court "had diversity jurisdiction over the *entire* action from the time of removal," and therefore Ramos's arguments addressing supplemental jurisdiction are irrelevant. (*Id.* at 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  SACV 20-01477-JLS (KESx) | Date: November 16, 2021 |
| Title:  Isabel Ramos v. AT and T Mobility Services LLC et al | |

Because the two matters were not consolidated by the state court for *all purposes*, AT&T was obligated to plausibly allege that the amount in controversy with respect to those claims exceeded the jurisdictional threshold to establish diversity jurisdiction. "[U]nder certain circumstances, where two actions are consolidated into a single action, state-ordered consolidation may affect jurisdiction and removability." *Bridewell-Sledge v. Blue Cross of Cal.*, 798 F.3d 923, 929 (9th Cir. 2015).  In particular, "state court consolidation will affect the district court's analysis of removal jurisdiction where the state court's consolidation order 'destroys the identity of each suit and merges them into one.'"  *Id.* (quoting *City of Oakland v. Abend*, 2007 WL 2023506, at *3 (N.D. Cal. July 12, 2007)).  Consolidation may affect removal jurisdiction analysis when "the consolidation order 'makes clear that the combined actions *are to be treated as if they had been originally commenced in the same action*.'" *Id.* (quoting *Cottoman Transmission Sys., LLC v. Bence*, 2004 WL 98594, at *2 (E.D. Pa. Jan. 15, 2004)) (emphasis added).  Accordingly, in *Bridewell-Sledge*, the Ninth Circuit held that where prior to removal, a state trial court consolidates two cases for "all purposes," the "two actions [were] merged into a single proceeding . . . and result in only one verdict or set of findings and one judgment."  *Id.* at 930 (quoting *Hamilton v. Asbestos Corp., Ltd.*, 22 Cal. 4th 1127, 1147 (2000)).

The state court order consolidating the cases at issue here specified that the motion to consolidate the cases "is GRANTED for *pre-trial purposes only* (including but not limited to fact and expert discovery)," and it directed the parties that "[a]ll papers filed with the court hereafter are to be filed in the lower case number case, with the caption reflecting the consolidation (for pre-trial purposes) of both actions." (Consolidation Order at ECF 110 (emphasis added).)  The order noted that it was "without prejudice to the right of any party in due course and for good cause to seek a consolidated trial." (*Id.*)  Thus, the holding of *Bridewell-Ledge* does not extend to the facts of the present case because the consolidation order at issue here was not for all purposes.  There is insufficient indication in the state court's order that that the "actions were to be treated as if they had been originally commenced in the same action," because the order makes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  SACV 20-01477-JLS (KESx) | Date: November 16, 2021 |
| Title:  Isabel Ramos v. AT and T Mobility Services LLC et al | |

clear that, absent further request by the parties, the cases would proceed to trial separately.  (*See id.*)  The Court concludes that the distinction made by the Ninth Circuit in *Bridewell-Ledge* between "consolidation for all purposes" and "consolidation for pretrial only" dictates the propriety of remand here.[3]  Because AT&T failed to allege that the amount in controversy with respect to the PAGA claims exceeded the jurisdictional threshold, there was no diversity jurisdiction over these claims at the time of removal, and remand of the PAGA claim is required.[4]

IV.     **CONCLUSION**

      For the foregoing reasons, the Court GRANTS the Motion.  The case is remanded

---

[3] AT&T points to a district court case, *Longobardo v. Acvo Corp.*, 2020 WL 1228396, at *1 (C.D. Cal. Mar. 12. 2020), to argue to the contrary, but that case does not require a different outcome.  There, the court remanded the case to state court because, in "strictly constru[ing] the removal statute *against* removal," it reasoned that even though the state court order had consolidated two actions for "a limited purpose," "the order [] destroyed the identity of the original suit" because "the original suit [was] no longer accepting filings after the consolidation order."  *Id.* at *2 (internal quotations omitted). Because the consolidated case included a California defendant—which destroyed diversity—the court remanded the action to state court.  Courts must reject federal jurisdiction "if there is any doubt" as to the right of removal, *Gaus*, 980 F.2d at 566, and where the scope and effect of state court consolidation is unclear, federal courts must construe the effect of the consolidation in a manner that could give rise to any such doubt.  In *Longobardo*, that meant construing the effect of the limited consolidation such that complete diversity of the parties was destroyed; by contrast, here, that means construing the effect of the limited consolidation such that the amount in controversy requirement was not satisfied.

[4] AT&T's argument that "since the complaints were consolidated and removed, they have proceeded, in practice, as a single action," because there "is only one Central District of California Case Number for this action," the parties submitted a "single Joint 26(f) Report," and the "Scheduling Orders have set forth a single schedule for the entire case, with only one anticipated trial" is unavailing.  (Opp. at 6-7.)  These events flow from AT&T's decision to file a single notice of removal; a party's strategic choice does not trump the terms of the state court's consolidation order for purposes of determining jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 20-01477-JLS (KESx)   Date: November 16, 2021

Title: Isabel Ramos v. AT and T Mobility Services LLC et al

to the Superior Court of California for the County of Orange, Case No. 30-2019-01114431-CU-OE-CJC.

Initials of Deputy Clerk: djl